**Cathy BURNS, Plaintiff–Appellant,**

**v.**

**Jim WALKER, Defendant–Appellee,**

**and**

**Stephanie Pleasants; Unnamed Law Enforcement Officer. Defendants.**

**No. 01–15489.**

**D.C. No. CV–00–00310–DWH.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 16, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM **

Cathy Burns appeals the district court's judgment dismissing her 42 U.S.C. § 1983 action alleging that private defendants conspired with police to arrest and falsely charge Burns with drug possession in order to force her to relinquish her ownership interest in a brothel. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review de novo the district court's dismissal for failure to state a claim, *Pareto v. FDIC,* 139 F.3d 696, 699 (9th Cir.1998), and we affirm.

The facts from the complaint, taken to be true and read in the light most favorable to Burns, *see id.,* do not support an inference that Walker conspired with police to violate Burns' constitutional rights, *see United Steel Workers of Am. v. Phelps Dodge Corp.,* 865 F.2d 1539, 1540–41 (9th Cir.1989).

We do not consider whether Burns could have amended her complaint to state a claim because Burns chose to stand on her complaint despite a court order to amend it. *See WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir.1997) (en banc) (noting that plaintiff may elect to stand on complaint).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The district court entered a final judgment after Burns elected not to amend her complaint.